[No. 7915.]

DOYLE v. NAUGHTON ET AL.

EXECUTORS AND ADMINISTRATORS—*Determination of Heirship*—It is not required that a petition for the determination of heirship, under the statute (Rev. Stat. sec. 7050) shall be answered, or met by plea. No action is taken upon it until the day fixed for the final settlement of the estate, nor until after the publication and service of notice as provided in the statute. The decree is simply a determination of who are the heirs of the deceased.

A petition filed in the estate of an intestate, by the surviving husband of the decedent, averred that in the petition for letters of administration therein, it was stated that he had relinquished all claim to the estate; that the statement was based upon a certain post nuptial agreement, denying that such was the effect of the agreement, or the purpose of the parties, praying an order decreeing that he was entitled to one half part of the estate. The petition made no statement as to who were the heirs of the decedent and failed to apply for a judicial ascertainment of the matter. Held not a proceeding under secs. 7050, 7051 of the revised statutes. The petition was held properly dismissed, but the county court was directed to so modify its order that it should not be taken to determine the effect of the post nuptial settlement, or to preclude the petitioner or any other person in interest from his or her proper action for the constuction of such settlement.

*Error to Denver County Court.*—Hon. H. C. CLASS, Judge.

Mr. W. H. C. TAYLOR, for plaintiff in error.

Mr. LAFAYETTE F. CRAWFORD, for defendants in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

On July 11, 1911, Sarah Doyle died intestate in Denver. On July 21st, an administrator of her estate was appointed by the county court. On October 31st, Patrick W. Doyle filed a petition in the county court entitled, "In the matter of the Estate of Sarah Doyle, Deceased," wherein it was alleged that Patrick was the husband of Sarah; that she died seized of certain real property, household goods and insurance, and left no last will; that in the petition for letters of administration, it was set forth that her heirs were Patrick W. Doyle, husband, who had relinquished all claim to the estate, and six others, sons and daughters of the deceased. Doyle's petition further alleged that the statement in the petition for letters of administration, that he had relinquished all claim to the estate, was based upon a certain post-nuptial agreement entered into between him and Sarah, his wife, which post-nuptial agreement was set out in his petition. He then alleged that neither party to the agreement agreed to surrender or relinquish any rights in the estate of the other upon decease, and that such was not the purpose. He further stated that he is entitled to a share in the estate of Sarah Doyle, as widower; that he had never relinquished his right to inherit as her heir, and that an attempt was being made by the other heirs at law to deprive him of his just right in the estate of Sarah Doyle. He prayed

that the court would consider his claim to a share in the estate, and enter an order of record decreeing and adjudging that he was entitled to one-half of the estate, in accordance with statute, and further prayed for his costs and such other relief as to the court seemed just and equitable. To this petition a demurrer was filed on two grounds: First, that it did not state facts sufficient to entitle the petitioner to the relief prayed for; second, that the court had not jurisdiction at that time to grant the prayer of the petition. The court sustained this demurrer and dismissed the petition. It is this order of the court that it is sought to review by this writ of error.

We are unable to find any authority in the laws of this state for any such proceedings as were attempted in the county court. It is claimed by the plaintiff in error and denied by the defendants in error that it was a proceeding under section 7050 Rev. Stat. 1908. That section provides that "any person claiming to be an heir at law and as such entitled to an estate of inheritance in any intestate lands, tenements or hereditaments constituting all or a part of the estate of any deceased person, may file in the court in which such estate is in process of settlement or at any time before the order of published notice of final settlement, a petition duly verified, setting forth the relationship of the petitioner to the deceased and the names and addresses of all other persons who are or who claim to be heirs so far as known to the petitioner, and asking for a judicial ascertainment and determination of the heirs of such deceased." The section further provides that in case such petition is filed the order for the notice of final settlement and the notice itself shall include a notice of the application for the determination of heirship, and then goes on and specifies the notice which shall otherwise be given to all persons named as heirs.

Section 7051 provides that upon the day named in

the notice for the hearing the court shall receive and hear proofs concerning the heirs of the deceased, and shall upon proofs submitted enter a decree determining who the heirs are. If a petition is filed seeking a determination of heirship the statute does not provide that it shall be answered or otherwise met by plea, nor can any action be taken thereon until the day fixed for final settlement, and after the publication and serving of notice as provided in the statute. The decree to be entered is simply a determination of who the heirs are. In the first place, Doyle's petition did not in any manner indicate that he desired a determination of who the heirs of Sarah Doyle were. It does show that what he desired was a determination that he was not excluded from the inheritance by the post-nuptial agreement set up in his petition. He did not allege who the heirs were, nor who claimed to be the heirs, if any. All he alleged was that the petition for administration stated that certain persons were heirs of the deceased, among whom was himself, coupled with the statement that he had relinquished all rights to the estate. His petition seems to have been called forth by that statement. That statement did not bind him. It was not even evidence that he had relinquished any claim to the estate, nor did it call for any denial or motion on his part. The fact was that he was the surviving husband of the deceased, and it would take more than a statement, or conspiracy, to oust him from an inheritance that the law allowed by virtue of that relationship. It was incumbent on someone else to move to exclude and not for Doyle to move to prevent exclusion. He did not pray, as the statute requires, for a judicial ascertainment and determination of the heirs of the deceased. All that he asked for was an order adjudging that he was entitled to one-half of the estate. What he really sought also was a construction of the post-nuptial agreement to the effect that it did not exclude him from

the inheritance.   Such a proceeding is plainly not what is provided for by Sections 7050-51 of our statute.

It would be improper for this Court to determine at this time whether or not the county court has jurisdiction in any proceeding, as a court of probate, to determine whether the post-nuptial agreement excluded Doyle from the inheritance, because the proceeding initiated by him, and which culminated in the judgment sought to be reviewed, was wholly irregular and unknown.   In such proceeding it is safe to say that the court could not determine what was presented for determination.   Nor ought we to determine whether or not the county court, as a court of probate, would have the power in a proceeding prosecuted by virtue of Section 7050 to determine the effect of the post-nuptial agreement, because no such proceeding was attempted in the county court.   Whether the reason entertained by the county court for dismissing the petition was right or wrong, the dismissal of it was right.

The judgment of dismissal, however, is modified so that it shall not be taken as an adjudication, in any way, of the effect of the post-nuptial agreement and shall be without prejudice to the right of Doyle or any of the other heirs or persons in interest to have the effect of that agreement upon the inheritance adjudicated in an appropriate action or proceeding in a proper court, and as so modified the judgment is affirmed.

*Modified and affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.