No. 15,209.

McCutchen et al. v. Jordan, Administrator et al.

(150 P. [2d] 859)

Decided July 3, 1944.

Mr. Benjamin C. Hilliard, Jr., Mr. George A. Trout, Mr. Bart W. O'Hara, for plaintiffs in error.

Messrs. Alter & Upton, Mr. Fred S. Caldwell, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiffs in error, brothers of Clarence M. Mc-Cutchen, deceased, seek review of an order entered on a petition filed in the county court of the City and County of Denver by the defendant in error, administrator of decedent's estate, for the purpose of obtaining a decree of heirship. The county court, and the district court on appeal, determined, respectively, that each was without jurisdiction to determine the controversy. We are of the opinion that the question of jurisdiction is the only one that we are called upon to decide at this stage of the proceedings.

The administrator filed the petition under section 13, chapter 176, '35 C.S.A., September 3, 1941, representing that he was interested in the estate "as appointee of widow and brothers"; that decedent left an estate valued

at about $5,000 and that the persons who are, or claim to be, heirs at law are, the widow and the three brothers (naming them), and prayed for a determination of heirship. As a part of said petition, a stipulation was filed which recites that the widow and decedent were married August 13, 1921, and that they had lived together as husband and wife until June 20, 1938, when the husband filed in the district court a complaint for divorce; that on August 12, 1940, the wife filed an answer and cross complaint; that on May 16, 1941, after the trial court had denied a motion for a continuance because of the absence of the husband, the matter was submitted to a jury, which returned a verdict in favor of the wife on her cross complaint; that an interlocutory decree was entered on said day; that August 2, 1941, they entered into a property settlement agreement under which the wife agreed to accept $10,550 "as and for her full part and portion of the husband's property and estate * * * [and she] hereby releases any and all claims * * * to any and all other property of every character and sort whatsoever and wherever being or situate now owned or in any manner held by the husband * * * and the wife has no claim of any character or sort whatsoever in the nature or form of temporary alimony, suit money, permanent alimony or to any share or portion of the husband's property." By further stipulation a supplementary interlocutory decree was entered on the same day which provided, inter alia, that the property settlement shall be "final and conclusive concerning their respective property rights."

Clarence M. McCutchen died on August 28, 1941. Thereafter, as already noted, and on September 3, 1941, the administrator filed the petition for determination of heirship. The county court held: "(2) That at the time of the death of the said Clarence M. McCutchen, he and the claimant Marian I. McCutchen, were husband and wife, and she is his sole surviving heir." "(3) That the court is without jurisdiction in this probate proceed-

ings to hear and determine the issue sought to be raised" by the brothers, "concerning the legal operation and effect to be given the property settlement agreement * * *," and, as to that, the cause "is dismissed for want of jurisdiction of the subject matter."

On appeal to the district court, it was also held that "Marian I. McCutchen is the sole and only heir at law of the said Clarence M. McCutchen, deceased," and that the claim of the brothers to be the heirs based on the property setlement "is dismissed for want of jurisdiction of the subject matter."

We think the county court in the first instance, and the district court, on appeal, had jurisdiction to determine the question of the brothers' claim based upon the contract set forth in the stipulation, because it was necessarily incidental to the question of heirship. Section 1, chapter 176, '35 C.S.A., provides inter alia: "Whenever any person having title to any real estate or property having the nature or legal character of real estate, or personal estate, undisposed of or not otherwise limited by marriage settlement, shall die intestate as to such estate, it shall descend and be distributed in parcenary to his kindred, * * *." If there be no children, "then the whole of the estate * * * shall descend to and vest in such surviving husband or wife * * *. Except in the cases above enumerated, the estate of every intestate shall descend and be distributed as follows: * * * Second - * * * to the brothers * * *."

"Section 10, chapter 176, '35 C.S.A., provides: "County judges and the administrators of the estates of persons dying intestate within this state shall apportion and distribute estates of intestates according to this law."

■ The only possibility of exclusion of the matter in question under these provisions would be to hold that the agreement between the McCutchens was not a "marriage settlement" as those words are used in the statute. Granting that, "strictly speaking marriage settlements are confined to agreements entered into before marriage,

or antenuptial agreements," the words are not so limited today, and frequently include contracts between husband and wife and postnuptial settlements. *Dennis v. Perkins,* 88 Kas. 428, 129 Pac. 165, 30 C.J. 626. That the agreement involved here is a "marriage settlement" within the meaning of the statute is specifically urged by counsel for plaintiffs in error, and counsel for defendants in error use the words "property settlement" and "marriage settlement" as though the terms were synonymous, hence we assume, for the purposes of this case, that the agreement was within the meaning of section 1, chapter 176, supra.

██ In addition, section 13, chapter 176, '35 C.S.A., reads, in part: "Any person claiming to be an heir at law and as such entitled to an estate * * * may file in the court * * * a petition duly verified * *˙*." This would indicate that one might be an heir and not be entitled to inherit as such. Section 15, requires the court to "determine the descent of the * * * property." Section 17, seemingly in anticipation of contests similar to the one that developed here, includes the following language: "And there being no contest or dispute in respect to * * * the determination of heirship * * * the court may judicially determine the heirship * * * without further proof thereof."

As will be noted, the only case cited in the annotations under section 13, supra, which indicates "facts not amounting to a proceeding under this section," is *Doyle v. Naughton,* 55 Colo. 512, 136 Pac. 73, but the opinion therein discloses that, "Doyle's petition did not in any manner indicate that he desired a determination of who the heirs * * * were," nor did he "allege who the heirs were, nor who claimed to be the heirs, if any." In other words, in the instant case, all of the parties who were interested, or claimed an interest, in the estate, as well as the legal instruments bearing on their respective interests, were before the court, we think, by permission, if not by mandate, of the applicable statutes.

While the issue of jurisdiction does not appear to have been involved in the case, we did say in *Schofield v. Schofield,* 101 Colo. 443, 447, 73 P. (2d) 1381, that where a father acknowledges by a written contract his surrender of his right as an heir, such contract "is the best kind of evidence" in an heirship proceeding.

In *Dominguez v. Booth,* 101 Colo. 192, 72 P. (2d) 276, we pointed out that section 5212, Compiled Laws 1921 (c. 176, § 64, supra), provides that a will contest which raises the question of heirship "shall be tried and determined in the manner now provided for the hearing and determination of heirship in an estate in process of settlement in the county court," and held that the county court having jurisdiction to entertain a contest (section 17, chapter 176, supra), it is "necessarily [implied that it has] jurisdiction * * * to determine whether capacity to contest exists." In the Schofield case, supra, that capacity was determined by a contract which estopped one of the heirs. We can see no reason for not applying the same rule to a contract where capacity or lack of capacity is shown by a waiver, as is contended here. "If the status of heirship or non-heirship, whether dependent on matters of legal or equitable cognizance, becomes material in the probate of a will or in any proceedings incident thereto, it is a 'matter of probate' within the term as used in the Constitution." *Dominguez v. Booth, supra.* We think section 64, chapter 176, supra, makes the same language applicable to determination of heirship.

Nothing is pointed out to us in section 230, chapter 176, '35 C.S.A., that would be inconsistent with what we have said as to the jurisdiction of the county court in the premises.

As to whether the contract here in question constitutes a waiver of Mrs. McCutchen's right to inherit we express no opinion.

The judgment is reversed and the cause remanded with instructions to the district court, to in turn remand

the cause to the county court for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE KNOUS concurs in the conclusion.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE GOUDY dissent.

MR. JUSTICE HILLIARD not participating.

MR. CHIEF JUSTICE YOUNG dissenting.

I dissent from the opinion of the court. I think the judgment of the trial court was correct and should be affirmed in its entirety.